UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

RONALD WALKER,

           Plaintiff,

     v.                                   Case No. 23-C-131

JOHN DOES 1-3,

           Defendants.

---

## SCREENING ORDER

---

Plaintiff Ronald Walker, who is currently serving a state prison sentence at the Wisconsin Resource Center and representing himself, filed a complaint under 42 U.S.C. §1983, alleging that his civil rights were violated. On February 14, 2023, Walker paid the $402 civil case filing fee. This matter comes before the Court to screen the complaint as required by 28 U.S.C. §1915A.

### SCREENING OF THE COMPLAINT

The Court has a duty to review any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity, and dismiss any complaint or portion thereof if the prisoner has raised any claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b). In screening a complaint, the Court must determine whether the complaint complies with the Federal Rules of Civil Procedure and states at least plausible claims for which relief may be granted. To state a cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where

the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

"The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 556. "[T]he complaint's allegations must be enough to raise a right to relief above the speculative level." *Id*. at 555 (internal quotations omitted).

## ALLEGATIONS OF THE COMPLAINT

According to Walker, on October 4, 2022, he began to experience a mental health episode during which he engaged in acts of self-harm and destroyed his personal electronics. Eventually, chemical agents were sprayed into his cell to gain his compliance. Walker explains that he was handcuffed and escorted to a different unit by three John Doe officers. Walker asserts that he asked to be treated because he could not see and was afraid to navigate the stairs. Walker asserts that the Doe officers refused his request, so he refused to move off the unit. Walker explains that, as a result of his refusal, he was directed to a wall and placed in leg restraints and a spit mask/hood. Walker also asserts that one of the Doe officers tased him in the back. According to Walker, he was then placed in a restraint chair while still wearing handcuffs, a waistbelt, and leg-shackles. Dkt. No. 1 at 4.

2

Walker explains that he initially resisted being placed in the chair, but he complied after one of the Doe officers threatened to tase him again. Walker asserts that after being secured in the chair, he began to pull down the spit mask because he was having trouble breathing from the chemical agents. Walker clarifies that he never tried to spit on any of the officers. According to Walker, one of the Doe officers tased him in the hand even though he was fully restrained. Walker asserts that the other two Doe officers watched and did not intervene or instruct the officer to minimize his use of force. *Id.* at 4-5.

## THE COURT'S ANALYSIS

Walker does not challenge the force officers used prior to placing him in the restraint chair. He asserts only that the Doe officer who tased him while Walker was fully restrained and secured in a restraint chair used excessive force because Walker posed no threat to anyone. Walker also asserts that the other two officers violated his rights by failing to intervene and/or failing to instruct the officer to minimize his use of force. The "central question" when evaluating whether force used against a prisoner is excessive is "whether force was applied in a good-faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm." *Fillmore v. Page*, 358 F.3d 496, 503 (7th Cir. 2004) (quoting *Hudson v. McMillian*, 503 U.S. 1, 6 (1992)).

Walker may proceed on a claim that the Doe officer used excessive force when he allegedly tased him even though he was in full mechanical restraints and secured in a restraint chair. He may also proceed on a claim against the two Doe officers who allegedly did nothing to intervene in the officer's use of excessive force. *See Gill v. City of Milwaukee*, 850 F.3d 335, 342 (7th Cir. 2017) (explaining that to succeed on a failure-to-intervene claim a plaintiff must show that a

3

Case 1:23-cv-00131-WCG   Filed 02/21/23   Page 3 of 6   Document 4

constitutional violation was committed and that defendants had a reasonable opportunity to prevent it).

Because Walker does not know the names of the officers, the Court will add Sue DeHaan, the Wisconsin Resource Center Director, as a defendant for the limited purpose of helping Walker identify the names of the Defendants. *See Donald v. Cook County Sheriff's Dep't*, 95 F.3d 548, 556 (7th Cir. 1996). Director DeHaan does not have to respond to the complaint. After her attorney files an appearance in this case, Walker may serve discovery upon Director DeHaan (by mailing it to her attorney at the address in the notice of appearance) to get information that will help him identify the Defendants.

For example, Walker may serve interrogatories (written questions) under Fed. R. Civ. P. 33 or document requests under Fed. R. Civ. P. 34. Because Walker does not state a claim against Director DeHaan, Walker's discovery requests must be limited to information or documents that will help him learn the name of the officers. Walker may not ask Director DeHaan about any other topic, and Director DeHaan is under no obligation to respond to requests about any other topic.

After Walker learns the names of the officers he alleges violated his constitutional rights, he must file a motion to identify the names of the Doe Defendants. The Court will dismiss Director DeHaan as a defendant after Walker identifies their names and will order that his complaint be served upon them. After Defendants have an opportunity to respond to Walker's complaint, the Court will set a deadline for discovery. At that point, Walker may use discovery to get the information he believes he needs to prove his claim.

Walker must identify the names of the Doe Defendants within sixty days of Director DeHaan's attorney filing a notice of appearance. If he does not or does not explain to the Court in

writing why he is unable to do so, the Court may dismiss this case based on his failure to diligently prosecute it.

**IT IS THEREFORE ORDERED** that Sue DeHaan, the Director of the Wisconsin Resource Center, shall be named as a defendant for the limited purpose of helping Walker identify the John Doe officers' names. The clerk's office will update the docket accordingly.

**IT IS FURTHER ORDERED** that, pursuant to the informal service agreement between the Wisconsin Department of Justice and this Court, copies of the complaint and this order shall be electronically sent today to the Wisconsin Department of Justice for service on Director DeHaan.

**IT IS FURTHER ORDERED** that Director DeHaan does not have to respond to the complaint; however, she shall respond to discovery requests that Walker serves in an effort to identify the officers' names. Director DeHaan does not have to respond to discovery requests about any other topic.

**IT IS FURTHER ORDERED** that Walker must inform the Court of the Does' real names within sixty days of Director DeHaan's attorney filing an appearance in this action. If Walker does not do so or does not advise the Court in writing why he is unable to do so, the Court may dismiss this case based on his failure to diligently prosecute it.

**IT IS FURTHER ORDERED** that plaintiffs who are inmates at Prisoner E-Filing Program institutions must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. The Prisoner E-Filing Program is mandatory for all inmates of Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution,

and Oshkosh Correctional Institution. Plaintiffs who are inmates at all other prison facilities must submit the original document for each filing to the Court to the following address:

>Honorable William C. Griesbach
>c/o Office of the Clerk
>United States District Court
>Eastern District of Wisconsin
>125 S. Jefferson Street, Suite 102
>Green Bay, WI 54301

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

Walker is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Enclosed is a guide prepared by court staff to address common questions that arise in cases filed by prisoners. Entitled "Answers to Prisoner Litigants' Common Questions," this guide contains information that Walker may find useful in prosecuting this case.

Dated at Green Bay, Wisconsin this 17th day of February, 2023.

>s/ William C. Griesbach
>William C. Griesbach
>United States District Judge